UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

No. **5:08-CV-141**

RICKEY MARTIN
Plaintiff,

vs.

WAFFLE HOUSE, INC.
Defendant.

Plaintiff, complaining of the defendant, aver:

### JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. 2000e-5 and 28 U.S.C. Section 1343(4).
2. The unlawful employment practices alleged below were and are being committed within the Middle District of the State of Georgia

### PARTIES

3. Plaintiff Rickey Martin is a male citizen of the United State and a resident of Bibb County, of Georgia in the Middle District of Georgia. He was employed by the defendant at all times relevant to the allegation set forth in this Complaint and is not presently so employed.
4. Defendant is a corporation organized under the laws of the State of Georgia and doing business in the State of Georgia in the Middle District of Georgia. Including business at a location in Bibb County of Georgia.

### ADMINISTRATIVE PROCEDURES

5. Plaintiff Rickey Martin filed a charge of employment discrimination against the defendant with the District Office of the Equal Employment Opportunity Commission (EEOC) on April 26, 2007. The plaintiff received a "Notice of Right to Sue" concerning both charges by letter from the district office of the EEOC dated February 14, 2008, entitling he to institute a civil action with respect to the April 26, 2007 charge within 90 days of the date receipt of said notice.

### VIOLATIONS AND ALLEGED

6. On information and belief, defendant followed and is following a policy and practice of discrimination against the plaintiff because of his sex in violation

1

of 42 U.S.C. Section 2000e et *seq.* The discriminatory practices and policies include, but are not limited to the following:

(a). Employing supervisory discretion in a discriminatory manner against the plaintiff because of his sex, it fails to take immediate and appropriate corrective action. The defendant never conducted and investigation as stated on November 25, 2006 by District Manager Jason Hawkins of a complaint of the company anti-harassment policy that was filed by a female coworker.

(b). Failed to conduct an investigation and to take corrective action lead to mistreatment of the plaintiff when such treatment occurred because he was male.

7. The effect of the policies and practices pursued by the defendant as alleged above has been and continue to limit, classify, and discriminate against the plaintiff in ways which jeopardize his job and deprive him of employment opportunities and otherwise adversely affects his status as an employee because of his sex in violation of 42 U.S.C. Section 2000e et seq.
8. As a further result of defendant's above-stated actions, the plaintiff has been and is being deprived of income in the form of wages and prospective retirement benefits, social security and other benefits due to him as an employee solely because of his sex in a sum to be proven at trial.
9. Plaintiff has no plain, adequate, or complete remedy at law to correct the practices described herein, and this suit for injunctive relief is his only means for securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's policies, practices, customs and usage as set forth herein.
10. Defendant has unlawfully discriminated against the plaintiff by refusing to offer the plaintiff corrective action which are due to him; failing to remedy discriminatory practices of its supervisory personnel: and otherwise discriminating against the plaintiff on the basis of his sex.
11. Defendant has acted maliciously or with reckless indifference to plaintiff's rights under the Civil Rights Act of 1964 as amended.

WHEREFORE, plaintiff respectfully prays this Court to:

1. Grant plaintiff a permanent injunction enjoining defendant, its officers, agents, successors employees, attorneys, and assigns and other representatives, and all those persons acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against the plaintiff on the basis of sex or is retaliatory against the plaintiff because of the plaintiff exercising rights afforded to him under 42 U.S.C. Section 2000e et seq.;
2. Order defendant to make whole the plaintiff by providing appropriate back pay and reimbursement for lost pension, social security and other benefits, plus prejudgment interest, in an amount to be shown at trail.
3. Order the defendant to pay plaintiff punitive and compensatory damages in an amount to be proven to a jury.

2

4. Order the defendant to be taxed with the cost of this action, including expert witness fees and reasonable attorney's fees for the plaintiff;
5. Retain jurisdiction over this action to assure compliance with the orders of this Court and with 42 U.S.C. Section 2000e, and require defendant to file such reports as the Court may deem necessary to evaluate such compliance;
6. Try all issues of fact to a jury; and
7. Grant such additional relief as the Court may seem just and proper

This 23 day of April 22, 2008

*Rickey Martin*
Rickey Martin
Plaintiff,

### CERTYIFICATE OF SERVICE

I Rickey Martin do hereby certify that this complaint against Waffle House Inc. is a true and correct copy and is filed in the Office of Clerk the United States Courthouse of the Middle Georgia District and sent US certified mail and regular mail to Jason Hawkins District Manager of Waffle House Inc. in Warner Robins Georgia at: 310 Russell Parkway Warner Robins, Ga. 31088.

This 23rd day of April 2008

*Rickey Martin*
Rickey Martin
3401 Houston Ave. H-21
Macon, Georgia. 31206
(478)978-5534

Cc. Jason Hawkins.

3

EEOC Form 161 (3/98)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rickey Martin<br>121 Spencer Hill Court<br>Macon, GA 31206 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2007-02287 | Arnold E. Bush, Investigator | (404) 562-6948 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

FEB 1 4 2008
(Date Mailed)

Enclosures(s)

cc: Melissa Kotun, Esq.
Jackson Lewis, LLP
1155 Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309-3600