IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICKEY MARTIN**                          : | |
| : | |
|    **Plaintiff,**                        : | |
| : | |
| **v.**                                           : | **Civil Action No.** |
| : | **5:08-cv-141(HL)** |
| **WAFFLE HOUSE, INC.,**        : | |
| : | |
|    **Defendant.**                     : | |
| : | |
| : | |

## ORDER

This matter is before the Court on Defendant Waffle House, Inc.'s Motion to Dismiss, or in the Alternative, to Compel (Doc. 29). For the following reasons, Defendant's Motion is granted.

### I. BACKGROUND

On April 23, 2008, Plaintiff, proceeding pro se, filed an employment discrimination Complaint (Doc. 1) against his former employer, Waffle House, alleging that it discriminated against him on the basis of sex when it terminated him. On June 26, 2008, the Court sent Plaintiff its standard pro se letter. The letter informed Plaintiff that he was bound by all rules, laws, practices, and procedures applicable to his case, and that failure to comply with any applicable rules could lead to dismissal of his case. (Ex. A, Def.'s Mot. Dismiss.)

On July 22, 2008, Defendant served Plaintiff with interrogatories, requests for

production, and requests for admission. (Exs. C-E, Def.'s Mot. Dismiss.) Plaintiff had thirty (30) days to respond to the discovery requests. Thus, at the latest, his responses were due on August 25, 2008. Plaintiff never requested an extension and failed to provide responses by the deadline.

On September 9, 2008, Defendant's counsel contacted Plaintiff to inquire about the discovery responses. (Ex. F, Def.'s Mot. Dismiss.) Plaintiff responded by stating that he would provide responses by September 15, 2008. Plaintiff, however, did not respond by that date, and thus, Defendant filed a Motion to Compel (Doc. 19). Plaintiff did not respond to the Motion to Compel, and on January 30, 2009, the Court scheduled a status conference for February 5, 2009.

At the February 5th hearing, Plaintiff explained that he had not responded to Defendant's discovery requests because he did not have the assistance of counsel and had a difficult time understanding the Defendant's discovery requests. The Court instructed Plaintiff that it was not going to appoint counsel to represent him in this matter. To allow Plaintiff an adequate opportunity to place his claim before the Court, the Court instructed Plaintiff and Defendant to confer and resolve the discovery issues. The Court ordered that the discovery period be extended for 45 days so that the discovery issues could be resolved. Plaintiff and Defendant's counsel conferred after the hearing. Defense counsel reviewed the discovery requests with Plaintiff and explained to him the information that was being requested.

On February 17, 2009, Plaintiff served his responses to Defendant's

interrogatories and requests for admission. (Exs. G-H, Def.'s Mot. Dismiss.) Plaintiff did not respond to any of Defendant's requests for production of documents and he never provided his initial disclosures under Federal Rule of Civil Procedure 26(a). As for the responses to the interrogatories, Plaintiff provided evasive responses and frivolous objections. For example, Plaintiff objected on relevance grounds to an interrogatory that asked him to identify all documents relating to the facts alleged in his Complaint or which he relied upon in answering the interrogatories. (Ex. G, p. 6.) Plaintiff also declined to itemize or explain his damages because damages are a jury issue. (Id., p. 7.) Plaintiff objected on the grounds of attorney-client privilege and relevance to an interrogatory that asked him to identify other judicial and administrative proceedings to which he has been a party. (Id., p. 2.) Last, Plaintiff refused to provide information on his monthly income since his termination from Waffle House because that information is protected by the attorney-client privilege or work product doctrine.

     Due to Plaintiff's failure to provide his initial disclosures, his failure to respond to the requests for production, and his evasive responses and frivolous objections to the interrogatories, Defendant filed the Motion to Dismiss, or in the Alternative, to Compel that is presently before the Court. Defendant requests that this action be dismissed and Plaintiff be required to pay the costs and fees it incurred in bringing this Motion. In the alternative, it requests that the Court order Plaintiff to provide complete discovery responses. Plaintiff never responded to this Motion.

## II.  DISCUSSION

When a plaintiff fails to provide the initial disclosures provided by Rule 26(a) or fails to answer interrogatories or respond to requests for production of documents, a district court may impose a variety of sanctions.  See Fed. R. Civ. P. 37.  Among the sanctions at the court's disposal is dismissal of the action in whole or in part. Fed. R. Civ. P. 37(c)(1)(C), (d)(3).  "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored."  Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Nevertheless, dismissal is appropriate when the plaintiff's discovery violations are the result of "wilfulness, bad faith or fault."  Id.  If a court finds wilfulness, bad faith, or fault, it is not required to state on the record that it has considered whether lesser sanctions would be appropriate.  Id.

Here, this Court finds that Plaintiff's discovery violations were the result of wilfulness, bad faith, and fault.  This case has been pending for almost one year, yet Plaintiff has not provided the initial disclosures required by Rule 26(a).  He has also failed to respond to the requests for production of documents that were served on him approximately eight months ago.  In addition, when he has responded to discovery requests, such as Defendant's interrogatories, he has interposed frivolous objections. This Court is aware of Plaintiff's pro se status, but that does not excuse him from complying with the rules of procedure, including the rules governing discovery.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  On two occasions, in the June 2008 letter from the Court and at the February 2009 hearing, this Court admonished

Plaintiff about his obligations to comply with the applicable rules. The Court even extended the discovery period to allow Plaintiff an opportunity to properly respond to Defendant's discovery requests. But based on Plaintiff's conduct thus far, this Court is convinced that Plaintiff has no intention of fully complying with his discovery obligations. This conclusion is buttressed by the fact that Plaintiff has never responded to any of Defendant's discovery related motions in an attempt to explain his conduct. The Court therefore orders that Plaintiff's Complaint be dismissed with prejudice.

Having granted Defendant's Motion, the Court must now consider whether to order Plaintiff to pay Defendant the reasonable expenses it incurred it bringing this Motion. Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This rule creates a rebuttable presumption in favor of sanctions. See, e.g., Devaney v. Continental Am. Ins. Co., 989 F.2d 1154,1161-62 (11th Cir. 1993); 7 Moore's Federal Practice § 37.23[1], at 37-41 (3d ed. 2007). This presumption can be overcome if the nonmoving party demonstrates that: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other

circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Plaintiff has not demonstrated any facts to overcome the presumption in favor of sanctions because he did not respond to this Motion. Nevertheless, the Court finds that an award of expenses would be unjust because Plaintiff is clearly indigent, as evidenced by the affidavit he submitted in support of his Motion to Proceed In Forma Pauperis (Doc. 2). As a result, Defendant's request for the reasonable expenses it incurred in bringing this Motion is denied.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion is granted and Plaintiff's case is dismissed with prejudice. Defendant's request for expenses is denied.

**SO ORDERED**, this the 20th day of April, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

dhc